### In re THREE MILE ISLAND LITIGATION.

#### Civ. A. No. 79–0432.

United States District Court,
M.D. Pennsylvania.

Sept. 27, 1984.

---

See also, 87 FRD 433.

David Berger, Philadelphia, Pa., for plaintiff.

## MEMORANDUM

RAMBO, District Judge.

Presently pending before this court is a supplemental application for an award of counsel fees on behalf of David Berger, Attorneys at Law ("Berger firm"), in the Three Mile Island Litigation, Civil Action No. 79–0432. The application covers the period from June 16, 1981 to August 24, 1981, a period prior to final approval of the settlement of the Three Mile Island class action suit. That approval was granted September 9, 1981 and became effective on November 9, 1981. On December 8, 1982, the court awarded attorneys' fees for all services rendered by counsel in the TMI class action litigation prior to the date of final approval, with the exception of services rendered by the Berger firm from June 16, 1981 to August 24, 1981 (the date of the hearing on final approval of the settlement). 557 F.Supp. 96.

By explicit directive of the court, the Berger firm was permitted to seek an award of counsel fees for these services. The supplemental application relates *solely* to services rendered before final approval of the settlement and does not involve any services relative to settlement administration of the economic loss fund or the public health fund.

The supplemental application was duly filed and notice of its filing was published once in each of the following papers: The Patriot News; The Lancaster Intelligencer; The York Daily Record; The Philadelphia Inquirer, and the Lebanon Daily News. As a result of the filing and publication, two objections were filed by the interested public. The objections addressed the hourly rates and the total amount.

The fee requested is $314,492.50. This fee includes a multiplier of 2.0.

■ The petition has been reviewed thoroughly and, after several inquiries and subsequent clarifications, the court is satisfied that the time expended is not unreasonable and the hourly rates charged are acceptable considering the experience, reputation and ability of the attorneys, the quality of the work and the geographic area of the law practice.

Counsel's request for a multiplier presents another matter. In support of their request for a multiplier factor, counsel cite the contingency of the final approval, the quality of the work performed and the delay in payment.

The settlement between the parties was entered into on February 17, 1981 and was preliminarily approved by the court on March 5, 1981. Final approval of the settlement was granted on September 9, 1981, following a public hearing on August 24, 1981.

Counsel state that prior to final approval, the following risks existed that could have impeded final settlement approval:

1. rejection by the court resulting from objections by the class members;
2. rejection by the court *sua sponte;*
3. withdrawal by the defendants under paragraph 19 of the settlement agreement.

■ The courts have consistently held that an upward adjustment [in a fee is justified only "in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that one reasonably should expect in light of the hourly rates charged and that the success was exceptional." *Blum v. Stenson,* — U.S. —, —, 104 S.Ct. 1541, 1549, 79 L.Ed.2d 891, 902 (1984). The Third Circuit has recently stated, "An increase based on the quality of work performed rewards counsel for exceptional work in a complex case culminating in an outstanding result." *URSIC v. Bethlehem Mines,* 719 F.2d 670, 674 (3d Cir.1983). This court recognized these principles and

duly awarded appropriate fees in the initial fee application. However, as the case progressed, the contingencies diminished to a point where they could be characterized as minimal.

The possibility of this court denying settlement *sua sponte* was remote. This court encouraged settlement and gave preliminary approval of the terms. The contingency of the defendants withdrawing pursuant to paragraph 19 of the settlement was a factor over which plaintiffs had no control. Paragraph 19 gave defendants the right to withdraw from the settlement based on the number and nature of the exclusions. This court can determine no amount of effort on the part of plaintiffs' counsel that could have determined this outcome. Furthermore, spot monitoring was initiated to ascertain the reasons for the exclusions. The results of monitoring indicated that most of the people polled were unconcerned and wanted no part of the litigation.

Opposition to the settlement by the class was also remote. All parties opposing the settlement were required to file a written notice of opposition. Counsel knew before the hearing the number and nature of statements in opposition. This court does not believe that the risk, the contingency or the formal result is so exceptional as to warrant a multiplier.

Counsel also seek a multiplier for the quality of the work performed. For the period between June 16, 1981 to August 24, 1984, the attorneys' hourly rates already reflect the high quality of work performed, the skill and experience of each counsel and the final results achieved. "To augment the lodestar on the basis of a 'quality' factor, counsel must demonstrate either service or a result of an exceptional nature." *URSIC, supra,* at 674. As previously noted, this factor was recognized and rewarded in acknowledging the achievement of the settlement. The final approval presented no undue risk or contingency.

■ Finally, this court recognizes the substantial delay in receiving payment.

However, delay alone is not a factor warranting a multiplier; rather, it is but one of the elements of the "contingent nature of the success" of the case. *Lindy Bros. Builders, Inc. v. American Radiator, Inc.,* 540 F.2d 102, 117 (3d Cir.1976).

An appropriate order will be issued.

### ORDER

Upon consideration of the Supplemental Application for Award of Counsel Fees of David Berger, Attorneys at Law, IT IS HEREBY ORDERED that the firm of David Berger, Attorneys at Law, is awarded $157,547.50 in counsel fees for the period June 16, 1981 to August 24, 1981.